UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
ROCCO MALDONADO,                              :
                                              :
        Petitioner,                           :     Case No. 3:19-cv-7051 (BRM)
                                              :
v.                                            :
                                              :
ATTORNEY GENERAL OF THE STATE                 :
OF NEW JEREY, et al.,                         :     **MEMORANDUM & ORDER**
                                              :
        Respondents.                          :
_____:

        Petitioner is a state prisoner currently incarcerated at the East Jersey State Prison in Rahway, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* ECF 1.) Presently pending before this Court is Petitioner's motion for a stay and abeyance. (*See* ECF 14.) For the following reasons, the motion is denied without prejudice.

        Petitioner seeks a stay and abeyance of this § 2254 action so that he can exhaust a claim in state court. More specifically, Petitioner requests a stay so that he can exhaust a claim his counsel was ineffective when he received improper advice on a robbery claim for which he was ultimately convicted. (*See* ECF 14 at 1.)

        Petitioner is seeking a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the United States Supreme Court noted as follows:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
> . . .

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277-78.

This Court denies Petitioner's request for a *Rhines* stay without prejudice. First, the operative habeas petition (*see* ECF 1) in this case is not mixed. Petitioner has not filed an amended habeas petition that raises his unexhausted claim, a prerequisite to granting a *Rhines* stay which permits staying "mixed' petitions. Rather, he only brings his unexhausted claim in his separate motion for a stay.[1]

Second, Petitioner seeks to exhaust a claim for ineffective assistance of counsel for purportedly misadvising him on a robbery charge for which he was convicted. However, Petitioner provides no details as to the specifics of this purported improper advice. Thus, at this time, this Court cannot say Petitioner has raised a purportedly meritorious ineffective assistance of counsel claim to warrant a *Rhines* stay.[2] For these reasons, Petitioner's request for a stay and abeyance will be denied without prejudice. This Court will analyze the claims raised in Petitioner's habeas petition in due course.

---

[1] Furthermore, Petitioner's failure to include his unexhausted claim in his habeas petition could have statute of limitations implications on the unexhausted claim. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (federal habeas petition does not statutorily toll the 28 U.S.C. § 2244 statute of limitations period).

[2] Ineffective assistance of post-conviction relief counsel can provide a basis for overcoming procedural default. *See Martinez v. Ryan*, 566 U.S. 1 (2012). However, this Court does not perceive Petitioner as seeking to overcome procedural default at the present time, but rather seeks to exhaust a claim regarding trial counsel's purported ineffectiveness.

Accordingly, **IT IS** on this 23rd day of December 2020,

**ORDERED** Petitioner's motion for a stay (ECF 14) is denied without prejudice; and it is further

**ORDERED** the Clerk shall serve this order on Petitioner by regular U.S. mail.

*/s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**